## UNITED STATES v. CHARTER.

(District Court, N. D. Ohio, W. D.   May 26, 1915.)

### No. 1566.

1. POISONS ⬡⟶2—REGULATION—STATUTORY PROVISIONS.

Opium or coca leaves, their salts, derivatives, or preparations, being exclusively foreign products, it was within the power of Congress in the interest of the general welfare to exclude their importation entirely, or to so regulate the traffic in them that their importations may be traced, as was done by Act Dec. 17, 1914, c. 1, 38 Stat. 785, and hence, to sustain the constitutionality of that act, it is not necessary to hold that it is designed to protect the revenues of the United States.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 1; Dec. Dig. ⬡⟶2.]

2. INDICTMENT AND INFORMATION ⬡⟶72, 125—DUPLICITY—ALTERNATIVE ALLEGATIONS.

Act Dec. 17, 1914, relative to traffic in opium or coca leaves, etc., provides in section 2 that every person giving an order to any other person for any of such drugs shall make a duplicate of the order on a prescribed form and preserve it for two years, but that nothing therein shall apply to the dispensing or distribution of any of such drugs to a patient by a physician, dentist, or veterinary surgeon registered under that act, in the course of his professional practice, provided that such physician, etc., shall keep a record of all such drugs dispensed or distributed, showing the particulars therein specified. An indictment charged that accused gave an order to a certain person for one of such drugs, and that he failed to preserve a duplicate of the order for two years, and also failed to keep a record of the amount of the drug by him dispensed and distributed. *Held*, that this was not an attempt to plead in the alternative, nor did it plead two violations of the law, as a physician is excused from failing to keep a duplicate of the order only when he keeps a record of his dispensing, and the indictment alleged the absence of the exception, which makes the provision for the retention of the duplicate of the order unnecessary.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 195–199, 334–400; Dec. Dig. ⬡⟶72, 125.]

3. POISONS ⬡⟶4—REGULATION—STATUTORY PROVISIONS.

Act Dec. 17, 1914, § 8, provides that it shall be unlawful for any person not registered thereunder, and who has not paid the special tax therein provided for, to have in his possession or under his control any of the drugs therein specified, provided that this shall not apply to any employé of a registered person or to a nurse under the supervision of a physician, dentist, or veterinary surgeon registered thereunder, or to the possession of any of such drugs prescribed in good faith by a registered physician, dentist, or veterinary surgeon. *Held*, that this section has no relation to the failure of a registered physician to keep a duplicate of an order given by him for the prescribed drugs, or a record of the amount of any such drugs dispensed and distributed by him as required by section 2.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 2; Dec. Dig. ⬡⟶4.]

Dr. W. A. Charter was indicted for an offense under the Harrison Act. On application for leave to withdraw a plea of not guilty and file a motion to quash or a demurrer. Application overruled.

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. S. Wertz, U. S. Atty., of Cleveland, Ohio, and John S. Pratt, Asst. U. S. Atty., of Toledo, Ohio.

John D. De Golley, of Marion, Ohio, for defendant.

KILLITS, District Judge. The defendant is indicted under Act Dec. 17, 1914, entitled "An act providing for the registration of, with collectors of internal revenue, and to impose a special tax upon, all persons who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away opium or coca leaves, their salts, derivatives, or preparations, and for other purposes." 38 Stat. 785, c. 1. The defendant has pleaded not guilty, and now comes requesting leave to withdraw his plea and file, first, a motion to quash, and, secondly, in case his motion is overruled, a demurrer.

These attacks upon the indictment are exhibited to the court, and we consider them and the argument upon them in determining whether leave should be granted to withdraw the plea of not guilty. Substantially, the motion and the demurrer cover the same grounds, which are to the effect that the act is unconstitutional, in that it violates provisions of the Constitution enumerated in the following order: The tenth amendment, the ninth amendment, section 9 of article 1, and the fifth amendment; that it violates the right of contract between the state of Ohio and the defendant, assumed to exist in the fact that he has been licensed to practice as a physician in this state; that it is an act actually designed to regulate the use of certain drugs, but is masquerading as one purporting to raise revenue; that it is not uniform in its character, but is intended to affect a special class of persons only, namely, physicians, dentists, veterinarians, and druggists.

[1] Some of these objections to this act answer themselves so plainly that they require no discussion. So far as the present case is concerned, we consider only that objection which assumes the act to be an attempt to exercise a police power only. We are not content to hold that the only ground upon which the constitutionality of this act can be sustained is that it is designed to protect the revenues of the United States. The indiscriminate and unrestrained use of opium, coca, and their derivatives is well known to be a great evil, gravely affecting the general welfare of the country. These are exclusively foreign products, and it is entirely within the power of Congress, in the interest of the general welfare, to exclude their importation entirely, or to so regulate the traffic in them in this country that their importations may be traced. A careful study of the act shows that the various provisions for registration, recording, etc., are effective in the tracing of the origin of a drug derived from these foreign products, to the end that infractions of the revenue laws may be ascertained. We therefore approve the general view of the law expressed by Judge Neterer in United States v. Brown, 224 Fed. 135, in Western district of Washington.

We are referred to a recent opinion by Judge Thompson, of the Western district of Pennsylvania, quashing an indictment drawn under section 8 of the law. But inasmuch as the indictment before us is drawn under an entirely separable provision of the act, neither the

holding of Judge Thompson nor many of the constitutional invalidities urged against the act by counsel in this case, are, in our judgment, applicable.

[2] Defendant is indicted under this portion of section 2:

"Every person who shall give an order as herein provided to any other person for any of the aforesaid drugs shall, at or before the time of giving such order, make or cause to be made a duplicate thereof on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue, and in case of the acceptance of such order, shall preserve such duplicate for said period of two years in such a way as to be readily accessible to inspection by the officers, agents, employés, and officials hereinbefore mentioned. Nothing contained in this section shall apply—

"(a) To the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this act in the course of his professional practice only: Provided, that such physician, dentist, or veterinary surgeon shall keep a record of all such drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician, dentist or veterinary surgeon shall personally attend; and such record shall be kept for a period of two years from the date of dispensing or distributing such drugs, subject to inspection, as provided in this act."

It is charged in the indictment in each count that the defendant gave an order to a certain person for one of the prohibited drugs; that he failed to preserve a duplicate of the order for two years, as provided; and that he also failed to keep a record of the amount of the drug by him then and there dispensed and distributed. The pleader is not attempting to plead in this way two violations of the law, nor is he attempting to plead in the alternative. He rightfully construes the provisions quoted as providing that a physician is excused from failing to keep on file for inspection a duplicate of an order by him given to the patient only when he keeps a record of his dispensing, which record may be inspected as provided in the act. The pleading therefore alleges the absence of the exception which makes the provision for the retention of the duplicate of an order unnecessary.

[3] We are unable to find that any of the provisions of section 8 have a relation to a case depending upon facts such as are alleged in this indictment. The application to withdraw the plea to the indictment, that a motion to quash or a demurrer may be filed, is overruled, with exceptions.